IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
SRDJAN MLADENOVIC,                                     : CASE NO. 1:13 CV 01624
                                                       :
                                       Plaintiff,      :
                                                       :
            -vs-                                       : OPINION AND ORDER GRANTING
                                                       : THE DEFENDANTS' MOTION FOR
                                                       : REMAND
U.S. CITIZENSHIP AND IMMIGRATION                       :
SERVICES, et al.,                                      :
                                                       :
                                       Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is the defendants' motion for remand to United States Citizenship and Immigration Services for administrative determination of the plaintiff's Application for Naturalization. (Doc. 10). The plaintiff has filed a response in opposition, and the defendants have replied. For the reasons that follow, the defendants' motion will be granted.

On 3 December 2012, the plaintiff filed an Application for Naturalization with defendant United States Citizenship and Immigration Services ("USCIS"). (Doc. 1, ¶15).

On 4 February 2013, USCIS conducted an examination of the plaintiff pursuant to 8 U.S.C. § 1446. (Id.). During the months that followed, the plaintiff made several inquiries as to the status of his application, and by 26 July 2013, USCIS still had not made a decision. (Doc. 1, ¶16). Dissatisfied with the delay, Mr. Mladenovic filed this suit against USCIS and a number of other defendants.[1] The plaintiff requests, *inter alia*, that this Court assume jurisdiction over his case, grant his Application for Naturalization, and administer the Oath of Citizenship. (Doc. 1, p. 12). The defendants maintain that the matter should be remanded for agency determination. (Doc. 10).

> Pursuant to 8 U.S.C. § 1447(b),
>
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

In this instance, the defendants do not contest the plaintiff's assertion that USCIS failed to render a decision within the statutory period. Thus, it is within the Court's discretion to either consider the merits of Mr. Mladenovic's application, as he requests, or remand for agency determination, as the defendants request.

This decision involves a number of considerations. The Supreme Court of the United States advises that in general "judicial deference to the Executive Branch is

---

[1] Named defendants include Alejandro Mayorkas, Director, USCIS; Mark Hansen, District Director, USCIS; Rand Beers, Acting Secretary, U.S. Department of Homeland Security; Eric Holder, Jr., U.S. Attorney General, U.S. Department of Justice; James Comey, Director, Federal Bureau of Investigation; Stephen D. Anthony, Special Agent-in-Charge; and Steven M Dettelbach, U.S. Attorney, Northern District of Ohio.

especially appropriate in the immigration context," INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999), and that remand is favored "for a decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 17 (2002). Courts acknowledge that USCIS's "primary function is to evaluate the merits of [an Application for Naturalization] and it is better equipped to do so [than a district court]." Bello-Camp v. Attorney General, No. 8:08-cv-885, 2009 WL 813146, at *7 (M.D. Fla. Mar. 26, 2009); accord Elaasar v. Mueller, 522 F. Supp. 2d 932, 936 (N.D. Ohio 2007).

On the other hand, agency delay in deciding an Application for Naturalization, where unreasonable and unjustified, may weigh in favor of denying remand. See Attisha v. Jenifer, Case No. 07-cv-10345, 2007 WL 2637772, at *3 (E.D. Mich. Sept. 6, 2007) (denying remand where name check request was pending for over two years); but see Farooq v. Hansen, Case No. 1:07-cv-0946, 2007 WL 2177890, at *4 (N.D. Ohio July 27, 2007) (granting remand where application for naturalization had been was pending for 13 months following the applicant's examination).

Upon due consideration of the above factors and the particular facts of this case, it is the Court's view that remand is the appropriate course of action. At the time this lawsuit was filed, a decision on the plaintiff's application had been delayed for 52 days. While the Court recognizes plaintiff's frustration in having to wait for USCIS's decision, a 52-day delay is insufficient to justify removing the application from the hands of the agency best equipped to consider it. Moreover, USCIS has provided assurances that the plaintiff's application will be determined within 60 days of remand.

For the reasons stated above, the defendants' motion for remand is granted. This matter is remanded to U.S. Citizenship and Immigration Services, with the instruction that Mr. Mladenovic's Application for Naturalization be determined within 60 days.

IT IS SO ORDERED.

    /s/ Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 21 April 2014